**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| Wilfredo Bonilla Vanega and<br>Lutman Velasco,<br>Plaintiffs, | ) | |
| v. | ) | Case No. 5:23-cv-234 |
| Utility Systems Construction, LLC.<br>Daniel Weiss<br><br>Defendants. | ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiffs, Wilfredo Bonilla Vanega ("Plaintiff" or "Bonilla") and Lutman Velasco ("Plaintiff" or "Velasco"), by and through their attorney, Daniel I. Schlade, complain against Utility Systems Construction, LLC. ("Defendant" or "Utility") and Daniel Weiss ("Defendant" or "Weiss"). Utility and Weiss may collectively be referred to as Defendants. In support of this Complaint, Plaintiff states:

**Introduction**

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related Florida state law claims, for Defendant's failure to pay overtime and minimum wages owed.

**Parties**

2. Bonilla is a resident of Groveland, Florida; and he was employed by Utility and Weiss.

3. Velasco is a resident of Astatula, Florida; and he was employed by Utility and Weiss.

4. Utility is a business that is located, headquartered, and conducts business in Groveland, Florida.

5. Weiss is the owner and President Of Utility, and they are in charge of its employees. On information and belief, Weiss is a resident of Novi, Michigan.

6. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

**Jurisdiction And Venue**

7. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Northern District of Florida because all underlying facts and transactions occurred in or about Lake County, Florida.

**Facts Common To All Claims**

9. Utility is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

10. Weiss is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Utility; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

**COUNT I: VIOLATION OF THE FLSA**
**(Bonilla v. Utility and Weiss)**

11. Plaintiff reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 12.

12. Plaintiff began working at Defendants in or before October 2018, through September 15, 2022.

13. At all times, Plaintiff held the same position with Defendant, he was foreman. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction of residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 50 hours per week.

15. Plaintiff was paid their wages on a(n) weekly basis.

16. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

17. Plaintiff's rate of pay was $27.14 per hour.

18. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

20. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $1,357.00 in unpaid wages; (ii) liquidated damages of $1,357.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Bonilla's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Wilfredo Bonilla Vanega respectfully requests that the Court enter a judgment in their favor and against Defendants Utility and Weiss, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,357.00;
B. An award liquidated damages in an amount equal to at least $1,357.00;
C. A declaration that Defendants violated the FLSA;
D. An award reasonable attorneys' fees and costs; and
E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT II: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11 (Bonilla v. Utility and Weiss)**

22. Plaintiff reincorporates by reference Paragraphs 1 through 22, as if set forth in full herein for Paragraph 23.

23. This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

24. Plaintiff began working at Defendants in or before October 2018, through September 15, 2022.

25. Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

26. Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $1,357.00 in unpaid minimum wages and $1,357.00 in liquidated damages

WHEREFORE, Plaintiff Wilfredo Bonilla Vanega respectfully requests that the Court enter a judgment in their favor and against Defendants Utility and Weiss, jointly and severally, for:

F. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,357.00;

G. An award treble damages in an amount equal to at least $4,071.00;

H. A declaration that Defendants violated the Florida Statutes;

I. An award reasonable attorneys' fees and costs; and

J. Any such additional or alternative relief as this Court deems just and proper.

**COUNT III: VIOLATION OF THE FLSA**
**(Velasco v. Utility and Weiss)**

27. Plaintiff reincorporates by reference Paragraphs 1 through 26, as if set forth in full herein for Paragraph 27.

28. Plaintiff began working at Defendants in or before January 2022, through September 15, 2022.

29. At all times, Plaintiff held the same position with Defendant, he was foreman. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction of residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

30. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 53 hours per week.

31. Plaintiff was paid their wages on a(n) weekly basis.

32. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

33. Plaintiff's rate of pay was $26.41 per hour.

34. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

35. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

36. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

37. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $1,399.73 in unpaid wages; (ii) liquidated damages of $1,399.73; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Velasco's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Lutman Velasco respectfully requests that the Court enter a judgment in their favor and against Defendants Utility and Weiss, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,399.73;
B. An award liquidated damages in an amount equal to at least $1,399.73;
C. A declaration that Defendants violated the FLSA;
D. An award reasonable attorneys' fees and costs; and
E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT IV: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11**

**(Velasco v. Utility and Weiss)**

38. Plaintiff reincorporates by reference Paragraphs 1 through 37, as if set forth in full herein for Paragraph 38.

39. This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

40. Plaintiff began working at Defendants in or before January 2022, through September 15, 2022.

41. Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

42. Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $1,399.73 in unpaid minimum wages and $1,399.73 in liquidated damages

WHEREFORE, Plaintiff Lutman Velasco respectfully requests that the Court enter a judgment in their favor and against Defendants Utility and Weiss, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,399.73;

B. An award treble damages in an amount equal to at least $4,199.19

C. A declaration that Defendants violated the Florida Statutes;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

/s/ Daniel I. Schlade

**Justicia Laboral LLC**
**Daniel I. Schlade** Florida Bar
No. 1034991 *Attorneys for*

*Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: dschlade@justicialaboral.com

**Plaintiff requests trial by jury for all counts where allowed**